

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-88,871-01 AND -02

### EX PARTE IRISEL RIVERA, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 59-16-B(A) AND 59-16-B(B) IN THE 25TH DISTRICT COURT
### FROM GONZALES COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in organized crime and tampering with evidence.

Applicant, through habeas counsel, contends that his guilty pleas were involuntary: because trial counsel had a conflict of interest due to his joint representation of Applicant and Applicant's co-defendants; because Applicant was unaware of the punishment ranges for the offenses, and trial counsel had told him, "[P]leading open would assuredly result in a probationary sentence without prison time"; and because trial counsel failed to admonish him that the convictions would render him

subject to deportation by federal authorities. The State has presented documentary evidence to show that Applicant affirmatively waived any conflict-of-interest claim and that Applicant was admonished of the deportation consequences. The plea papers admonished Applicant of the correct punishment ranges for the offenses, and counsel stated, "I have read the foregoing 'Plea Agreement', 'Court's Admonitions to Defendant', 'Defendant's Waiver of Rights and Judicial Confession', fully explained each of them to the defendant, and I am satisfied that he/she understands each of them." Habeas counsel, however, states that "[Applicant] does not speak the English language" and argues that Applicant did not understand the documents.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to the habeas claims and shall gather facts regarding whether Applicant understood the documents in question. To do so, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is still represented by habeas counsel. If not, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make credibility determinations and shall make findings of fact and conclusions of law in regard to Applicant's habeas claims. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of

Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed:          October 3, 2018
Do not publish